**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| KENNAN DEWAYNE MOORE | § | |
| VS. | § | CIVIL ACTION NO. 9:20-CV-122 |
| CHRISTINA M. NORRIS, *et al.*, | § | |

### MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND ACCEPTING REPORT AND RECOMMENDATION

Plaintiff, Kennan Dewayne Moore, an inmate formerly confined at the Polunsky Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against numerous defendants.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends denying plaintiff's Motion for Preliminary Injunction (docket entry no. 29).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. Plaintiff filed Objections on February 22, 2021 (docket entry no. 31). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

The Magistrate Judge recommends denying plaintiff's Preliminary Injunction as moot because plaintiff transferred units. Plaintiff argues his complaints about the grievance process continue despite the unit transfer. Plaintiff claims a single unit grievance investigator may substantially affect the grievance process and alleged "retaliatory transfers" regardless of distance and separation. Objections, pg. 2 (docket entry no. 31). To the extent plaintiff complains of an unconstitutional grievance process, plaintiff's motion for preliminary injunction should be denied

because plaintiff cannot establish a substantial likelihood of success on the merits and there is no constitutional right to a grievance process. *See Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) (no constitutional right to an inmate grievance process); *see also DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1995) (preliminary injunction denied as plaintiff cannot establish a substantial likelihood of success on the merits). Although plaintiff appears to amend his complaint to add a claim of "retaliatory transfers," plaintiff's Objections and complaints still revolve around the grievance process. If plaintiff intends to amend his complaint to add a claim of retaliation, plaintiff should file a motion for leave to amend his complaint and outline the specific facts supporting such a claim against the individual defendants.

## ORDER

Accordingly, plaintiff's Objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ACCEPTED**.

**So Ordered and Signed**

Mar 12, 2021

Ron Clark
Senior Judge