IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| KEENAN DEWAYNE MOORE | § | |
| VS. | § | CIVIL ACTION NO. 9:20-CV-122 |
| CHRISTINA M. NORRIS, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Keenan Dewayne Moore, an inmate currently confined at the Wainwright Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against multiple defendants.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Background

In his Amended Complaint filed April 11, 2022, Plaintiff added claims against the following defendants: Christina M. Norris ("Norris"), Polunsky Unit Grievance Investigator III, Tracey B. Moye ("Moye"), Polunksy Unit Grievance Investigator II, P. Gajan ("Gajan"), Polunsky Unit Grievance Investigator III, Kevin Scott ("Scott"), TDCJ Administrative Review and Risk Management Director, and Myra Walker ("Walker"), TDCJ Grievance and Patient Liaison Program Chief Administrator (doc. #48), pg. 1.[1]  With the exception of Scott and Walker, Plaintiff sues the defendants in both their individual and official capacities.  *Id*.  Plaintiff sues Scott and Walker in their official capacities only.

---

[1] Plaintiff voluntarily dismissed his claims against defendants Sergio J. Perez, Jr., Billy H. Jackson, Kelli Ward, Vickie Barrow, Doyle Davis, Dr. Lannette Linthicum, Deborah A. Phillips, Stefana Hughes, FNU Doe, Bryan Collier, and Bobby Lumpkin.  *Id*.

As background for his claims, Plaintiff states that a fabricated disciplinary report was written against him on January 6, 2020, by his then direct supervisor, Melinda Duff ("Duff"). *Id*., pg. 4. According to Plaintiff, Duff was the Assistant Plant Manager of the Texas Correctional Industry Box Factory, located at the Polunsky Unit, where he was employed. *Id*.[2] Plaintiff alleges the fabricated disciplinary report was a retaliatory action taken by Duff after Plaintiff complained to her supervisor, John M. McCrosky ("McCrosky"), that Duff sexually harassed Plaintiff and approached him about initiating an inappropriate relationship. *Id*.[3] When Plaintiff "threatened to blow the whistle to administration and to Bobby Lumpkin," Plaintiff alleges a campaign of harassment and retaliation by the defendants began. *Id*.[4]

Specifically, Plaintiff contends that the Polunsky Unit Grievance Investigators violated his constitutional rights on multiple occasions when he attempted to grieve the retaliatory actions that culminated from the events outlined above, which prompted the filing of this suit. *Id*., pgs. 4-5. Plaintiff outlines nine grievances he attempted to file and the alleged constitutional violations committed by the defendants. *Id*. Plaintiff's allegations can be summarized as follows:

1. Defendant Norris "impeded or chilled" Plaintiff's litigation for approximately 27 days when Defendant Norris incorrectly designated his grievance as a disciplinary appeal and refused to correct the error;

2. Defendant Norris colluded with Plaintiff's direct supervisors, the disciplinary hearing officer and counsel substitute to force Plaintiff to alter his grievance to exclude Discipline Hearing Officer Stern and Counsel Substitute Mosley;

---

[2] Plaintiff states he also worked for Duff's husband, Jeff Duff, for five years at the box factory and that Jeff Duff's brother, Mark Duff, worked in the Polunsky Classification Department and managed Plaintiff's records for over ten years. *Id*., pg. 4.

[3] Plaintiff states he filed a civil action relating to his complaints of sexual harassment against Duff on May 4, 2020 in *Moore v. Duff, et al.*, Civil Action No. 9:20-CV-92.

[4] At that time, Plaintiff alleges Bobby Lumpkin ("Lumpkin") was the Director over TDCJ Manufacturing, Agriculture and Logistics. *Id*. Lumpkin is now the TDCJ-CID Director. *Id*. Plaintiff contends he contacted Lumpkin twice regarding Duff's fabricated disciplinary case. *Id*. Plaintiff states that before Lumpkin became the Director over TDCJ Manufacturing, Agriculture, and Logistics, he was "a key employee" in TDCJ Administrative Review and Risk Management who is "the respondeat superior for the offender grievance program." *Id*.

3. Defendant Norris refused to process an emergency grievance properly and "voluntarily and intentionally" assisted "peers to chill Plaintiff['s] ability to file proper claim in federal court;"

4. Defendant Norris and possibly other unit grievance investigators colluded with Plaintiff's direct supervisors to "impede or affect the course of official proceedings" by not processing or returning Plaintiff's grievances regarding their acts of retaliation with UTMB employees who allegedly performed an unauthorized psychological assessment on Plaintiff in an effort to fabricate a history of mental issues to weaken Plaintiff's claims of sexual harassment and stymie Plaintiff's litigation;

5. Defendant Gajan "screened out" Plaintiff's attempt to exhaust grievances of retaliation and deliberate indifference due to an unidentified major's "retaliatory and vicarious acts" to impede Plaintiff's right to law library and medical services on five occasions. The unidentified major "illegally conspired with UTMB officials to thwart grievance process with" the unit grievance investigators;

6. Defendant Gagan interfered in Plaintiff's ability to exhaust a step 2 grievance regarding claims of deliberate indifference to a serious medical need by falsifying a document by using Defendant Norris' unit grievance investigator number. Plaintiff wrote grievance headquarters and explained his multiple grievance issues;

7. Defendant Gajan screened out Plaintiff's attempt to exhaust claims of due process violations and denial of access to courts by medical officials as time-barred;

8. Defendant Moye refused to process a grievance where Plaintiff attempted to exhaust claims of retaliation and violations of due process against Defendants Moye and Gajan because Plaintiff had no forms. Plaintiff wrote Defendant Scott and received no response. The unit grievance investigators never returned the grievance to impede Plaintiff from filing suit; and

9. Polunsky unit grievance investigators used multiple thwarting tactics to impede Plaintiff from filing suit.

*Id.*, pgs. 5-8. Plaintiff alleges the following acts of retaliation and conspiracy:

1. Defendants retaliated against Plaintiff "in support of peers, by denying, impeding and/or thwarting certain grievances, to affect the outcome of future litigation and filed litigation;"

2. Defendants "took retaliatory adverse acts by using thwarting tactics, [i.e. machination, intimidation, and misrepresentation], to cancel or impede grievances;"

3. "But for their retaliatory motive, to assist peers in a collusive manner, these refusal [sic] to process would not have taken place, and their actions caused" Plaintiff's "inability to file exhausted claims;"

3

4. The defendants "participated in vicarious/conspiratorial acts with UTMB to deny or impede process" of grievances;

5. "Defendants conspired with Major, UTMB, and TCI worker to impede grievances;" and

6. The defendants with Major, TCI officials and UTMB officials "had a meeting of the mind on course of action to impede grievances."

While Plaintiff alleges his administrative remedies were "unavailable" and the Defendants' actions deterred and/or chilled his attempts to exercise his First Amendment rights, Plaintiff concedes that none of his civil actions have been dismissed for failure to exhaust administrative remedies and are all still currently pending. *Id*., pgs. 7-8.

Plaintiff further asserts a claim for "*Monell* liability" against Defendants Scott and Walker, in their official capacity. *Id*., pg. 11. Plaintiff specifically contends that TDCJ's Administrative Review and Risk Management Offender Grievance Program has a policy or custom that enables its agents, unit grievance investigators, and employees to "act with deliberate indifference" to Plaintiff's constitutional rights. *Id*., pg. 11. Plaintiff states the defendants rely on Texas Government Code § 501.008(c) and TDCJ AD-3.82 procedures in the management of offender grievances to avert litigation and "minimize judicial oversight through comprehensive self-monitoring" as a cover to apply misfeasance and malfeasance continually against him. *Id*. Plaintiff claims there is no adequate remedy or policy in place to rectify this behavior. *Id*. In addition, Plaintiff alleges he has a liberty interest in his grievances being properly filed through an official grievance procedure. *Id*.

Finally, Plaintiff asserts he suffered a "legal harm" and seeks $40,000.00 in compensatory damages, $4,000.00 in reasonable attorney's fees, $40,000.00 in punitive damages, and $400.00 for the cost of filing this suit. *Id.*, pgs. 9 & 13. Based on the foregoing, Plaintiff's claims are fairly construed as denial of access to courts, retaliation, conspiracy, violations of due process, and supervisory liability.[5] *Id*.

---

[5] There is no *Monell* liability in this context as TDCJ is not a municipality.

The Defendants were ordered to answer or otherwise plead on April 24, 2023 (doc. #58). On July 11, 2023, the Defendants, with the exception of Defendant Norris, filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (doc. #63). In the motion to dismiss, the Office of the Attorney General informed the court that it had not obtained authorization to represent Defendant Norris but contended that Defendant Norris is a similarly situated defendant and that the defenses put forth in the motion to dismiss should inure to her benefit as well.[6] Plaintiff filed a Response to the motion to dismiss on August 14, 2023 (doc. #69). This Report and Recommendation considers both.

## Standard of Review

*Federal Rule of Civil Procedure 12(b)(1)*

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. FED. R. CIV. P. 12(b)(1). The Rule requires the court to dismiss a cause for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

In analyzing a motion to dismiss under Rule 12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). When the defendant alleges a facial attack under Rule 12(b)(1), "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

---

[6] In an advisory filed August 11, 2023, the OAG informed the court that Defendant Norris is no longer employed with TDCJ and that the OAG has not received a waiver of citation or request for representation from her. Advisory (Doc. # 66).

*Federal Rule of Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) permits dismissal if a plaintiff "fails to state a claim upon which relief may be granted." A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis added).

## Analysis

**OFFICIAL CAPACITY CLAIMS**

Unless expressly waived, the Eleventh Amendment bars an action in federal court by a citizen of a state against his or her own state, including a state agency. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989). The Eleventh Amendment also bars a federal action for monetary damages against state officials when the state itself is the real party in interest. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984). A suit against a state official in his or her official capacity is considered a suit against the state itself. *See Will*, 491 U.S. at 70 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself.") (internal citations omitted).

Texas has not waived its Eleventh Amendment immunity and Congress did not abrogate that immunity when it enacted 42 U.S.C. § 1983. *See NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). As a result, TDCJ is

immune from suit and its employees are also entitled to immunity from any claim for monetary damages against them in their official capacity. *See Loya v. Texas Department of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989) (per curiam) ("[TDCJ's] entitlement to immunity under the [Eleventh [A]mendment is clearly established in this circuit."); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2001) ("[T]he Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity."). Therefore, Plaintiff's claims against all the Defendants in their official capacity for monetary damages must be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

**INDIVIDUAL CAPACITY CLAIMS**

### 1. Supervisory Liability

Section 1983 does not create supervisory or *respondeat superior* liability. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983. *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999). Under § 1983, "supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). A supervisor may only be held liable if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Gates v. Tex. Dept' of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008).

As previously stated, Plaintiff attempts to allege a claim for *Monell* liability against the supervisors. As TDCJ is not a municipal entity, the undersigned liberally construes this as a claim for supervisory liability against Defendants Scott and Walker. To the extent Plaintiff intended to assert this claim against them in their individual capacity, any such claim lacks merit. Plaintiff does not allege Defendants Scott and Walker were personally involved in any alleged constitutional violation. Plaintiff also does not allege Defendants Scott and Walker implemented a specific unconstitutional policy that somehow causally resulted in any alleged injury. Plaintiff's complaint,

in essence, is that he does not agree with the TDCJ policy that requires an attempt by TDCJ officials to resolve internal complaints without judicial oversight. As a result, Plaintiff's pleadings lack any factual allegation that these Defendants implemented an *unconstitutional* policy that causally resulted in a constitutional injury. Plaintiff's claim for supervisory liability, to the extent it is asserted, should be dismissed for failure to state a claim and as frivolous.

### 2. Grievance Procedure

Prisoners have liberty interests only in "freedom[s] from restraint ... impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Geiger v. Jowers*, 404, F.3d 371, 373-74 (5th Cir. 2005) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Prisoners do not have a federally protected liberty interest in having grievances addressed and resolved to their satisfaction. *See id.* at 374 (holding that prisoner did not have liberty interest of a kind protected by Due Process Clause of Fourteenth Amendment, in having grievance against mail room and security staff of prison, for allegedly withholding and ultimately losing some of his mail, resolved to his satisfaction). Moreover, a prisoner does not have a constitutional entitlement to an adequate grievance procedure. *See, e.g., Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding that there is no constitutional right to participate in grievance procedures); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996) (holding inmates do not have constitutional right to adequate grievance procedure; any right to inmate grievance procedure is procedural, not substantive. Thus, a state's inmate grievance procedures do not give rise to liberty interest protected by due process clause); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (holding inmates do not have a constitutional right to participate in grievance procedures). Although an adequate grievance procedure is a condition precedent to filing a suit arising under § 1983, see 42 U.S.C. § 1997e(a), its ineffectiveness or altogether absence does not give rise to a constitutional claim. Thus, any alleged violation of the grievance procedure by the Defendants as alleged in Plaintiff's complaint do not amount to a constitutional violation.

Finally, Fifth Circuit case law is clear that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met. *Giovanni v. Lynn*, 48 F.3d 908, 912-13 (5th Cir.), *cert. denied*, 516 U.S. 860 (1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). Even assuming that Defendants violated TDCJ-CID regulations regarding the grievance procedure, Plaintiff has failed to establish a violation of constitutional rights. A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding has expired. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999).

The mere failure to comply with prison rules and regulations does not, without more, give rise to a constitutional violation. *Meyers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). A prison official's failure to follow state regulations does not establish a constitutional violation. *See Jackson v. Cain*, 864 F.2d 1235, 1251-51 (5th Cir. 1989). Plaintiff's claim that his due process rights were violated by the failure of prison officials to comply with prison regulations lacks an arguable basis in law, because, in light of *Sandin*, plaintiff has no created liberty interest in the regulations of the Texas Department of Criminal Justice – Correctional Institutions Division. 515 U.S. 472. Plaintiff's claims against the Defendants should be dismissed for failure to state a claim and as frivolous.

**3.     Denial of Access to Courts**

To succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 356 (1996); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (holding that to state a sufficient claim of denial of access to the courts, plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access); *see also Chirceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (inmate alleging denial of access to courts must demonstrate actual injury) (citing *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (holding that a prisoner cannot prevail on an access-to-the-courts claim without proof of actual injury)); *McDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998) (noting that a plaintiff must show

prejudice to his position as a litigant) (citations omitted). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. Rather, a plaintiff must demonstrate that the lack of access has prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action under 42 U.S.C. § 1983. *Id*. at 353-54 (quoting *Wolff v. McDonnell*, 418 U.S. 539 (1974)). As the right of access to the courts is not a "freestanding right," it is necessary that he demonstrate actual injury resulting from the alleged denial of access. *Id*. at 351. Without a showing of actual injury, plaintiffs lack standing to pursue claimed denials of access to courts. *Id*. at 349. This requires a plaintiff to allege, at a minimum, that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quotation omitted). A plaintiff must describe the claim well enough to establish that its "arguable nature ... is more than hope." *Id*. at 416 (internal quotation marks omitted).

  As outlined above, while Plaintiff alleges his administrative remedies were "unavailable" and the Defendants' actions deterred and/or chilled his attempts to exercises his First Amendment rights, Plaintiff concedes that none of his civil actions have been dismissed for failure to exhaust administrative remedies and are all still currently pending. Thus, to the extent Plaintiff alleges the denial of access to courts caused him to lose a pending case, Plaintiff concedes he has not suffered an injury and this claim should be dismissed for failure to state a claim and as frivolous. As to any claim that Plaintiff was prevented from filing a suit as a result of any alleged denial of access to courts, Plaintiff does not identify a nonfrivolous, legally arguable claim that he could have brought and was frustrated in doing so. Plaintiff's failure to identify a nonfrivolous, legally arguable claim that he was allegedly hindered from pursuing "is fatal to his claim." *Garcia v. Glenn*, 839 F. App'x 927, 928 (5th Cir.), *cert. denied* (2021) (quoting *Brewster v. Dretke*, 487 F.3d 764, 769 (5th Cir. 2009)); *Christopher*, 536 U.S. at 415. Plaintiff's claims of a denial of access to courts should be dismissed for failure to state a claim and as frivolous.

### 4. Retaliation

In order to state a claim of retaliation, Plaintiff must allege: (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir.1998). The inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.) *cert. denied*, 522 U.S. 995 (1997). Mere conclusory allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995). "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Id*. (citation omitted). Further, if the inmate is unable to point to a specific constitutional right that has been violated, the claim will fail. *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir.1996) (dismissing an inmate's claim for failure to demonstrate a violation of a constitutional right); *Woods*, 60 F.3d at 1166 (stating "[t]o state a claim, an inmate must allege the violation of a specific constitutional right"). *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

Here, Plaintiff's claims of retaliation are less than clear. Plaintiff at first appears to allege that the grievance officers intended to retaliate against him for his exercise of a constitutional right, namely his right to file a grievance against Duff, by thwarting the grievance process. Plaintiff then argues that these same Defendants retaliated against him by obstructing and thwarting particular and certain grievances relating to other acts of retaliation by unidentified individuals in order to adversely affect his ability to litigate those particular grievances in the future. With respect to the latter, the court presumes Plaintiff alleges he was exercising his constitutional right to grieve these other acts of retaliation by unidentified employees and the grievance officers allegedly retaliated against him by somehow thwarting those particular grievance processes. Assuming, without finding, that Plaintiff has sufficiently pled a connection between the first two elements of retaliation, Plaintiff, however, fails to plead any facts that would allow the undersigned to draw a reasonable inference that the Defendants actually had a plausible motivation to retaliate against him. Plaintiff's personal

belief that he is the victim of widespread retaliation by numerous unconnected individuals relating to what appears to be, at times, unconnected complaints, is insufficient to allege a viable claim of retaliation. Plaintiff has failed to put forth any facts supporting a chronology of events from which retaliation may plausibly be inferred. Plaintiff's claim of retaliation should be dismissed for failure to state a claim and as frivolous.

    **5.    Conspiracy**

To support a claim for conspiracy, Plaintiff must show that the defendants had "an agreement to commit an illegal act which resulted in the plaintiff's injury." *Hay v. City of Irving, Tex.*, 893 F.2d 796, 799 (5th Cir. 1990). In addition, the Fifth Circuit has held that under § 1983, a conspiracy claim requires "an actual deprivation of a constitutional right; a conspiracy to deprive is insufficient." *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984). Plaintiff, here, has failed to allege an actual agreement among specific defendants to deprive him of a specific constitutionally protected right. *See Cardenas v. Young*, 655 F. App'x 183, 186-87 (5th Cir. 2016) (noting that plaintiff did not allege that the defendants expressly made an agreement to violate his constitutional rights, only that two defendants ordered that he be placed in segregation and that other defendants were in agreement to deny him equal protection and due process) (citing *McAfee v. 5th Circuit Judges*, 884 F. F.2d 221, 22 (5th Cir. 1989)); *Richie v. Wharton County Sheriff Dept. Star Tea*, 513 F. App'x 382, 385 (5th Cir. 2013) (noting the failure to allege facts suggesting an agreement to commit illegal acts) (citing *Rodriguez v. Neeley*, 169 F.3d 220, 22 (5th Cir. 1999)); *Bowen v. Quarterman*, 339 F. App'x 479, 482 (5th Cir. 2009) (finding that allegations that it was reasonable to believe that the defendants were part of a conspiracy, without any facts that tended to show an agreement between them, were insufficient to state a viable conspiracy claim) (citing *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986)).

Giving Plaintiff the most liberal construction, Plaintiff's operative complaint lacks any factual allegations that the defendants had a prior agreement, plan, or meeting of the minds to violate his constitutional rights or engage in an illegal act, namely to deny him access to courts. *Hey v.*

*Irving*, 161 F.3d 7 (5th Cir. 1998) (a complaint must include specific factual allegations showing a prior agreement, plan, or meeting of the minds to violate the plaintiff's constitutional rights or engage in an illegal act.). Plaintiff's allegations of conspiracy are conclusory and insufficient to survive a motion to dismiss. *Arsenaux v. Roberts*, 726 F.2d 1022, 1023-24 (5th Cir. 1982); *McAfee*, 884 F.2d at 222 ("'mere conclusory allegations of conspiracy, cannot, absent reference to material facts,' state a substantial claim of federal conspiracy."). Plaintiff only offers his subjective belief that the Defendants conspired against him. Because Plaintiff fails to support his conclusory allegations of conspiracy with any material facts, this claim should be dismissed for failure to state a claim and as frivolous.

### 6. Compensatory Damages

Under the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Thus, absent a physical injury, a plaintiff cannot recover compensatory damages. *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) ("Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury."). In their Motion to Dismiss, Defendants argue Plaintiff has failed to state a claim for compensatory damages as he has not asserted a physical injury. The undersigned agrees.

In his Complaint, Plaintiff asserts he is seeking compensatory damages. Plaintiff, does not, however, allege a physical injury resulting from the alleged constitutional violations outlined above. In fact, Plaintiff describes his injury as due to "legal harm caused." Plaintiff's failure to allege a physical injury in connection with his constitutional claims, under the PLRA, justifies dismissal of his compensatory damages claim. *See Higgins v. Navarrete, et al.*, No. 20-20341, 2022 WL 543018, at *3 (5th Cir. Feb. 23, 2022) (affirming district court's grant of summary judgment on the basis that the plaintiff failed to allege a physical injury, as required under the PLRA, for monetary damages

13

claim); *see also Geiger*, 404 F.3d at 374 (affirming the dismissal of First Amendment claim because the plaintiff alleged only mental anguish, emotional distress, psychological harm, and insomnia as his injuries); *Alexander v. Tippah Cnty.*, 351 F.3d 626, 631 (5th Cir. 2003) (affirming dismissal of the prisoners' conditions-of-confinement claims were they alleged either no or *de minimis* physical injury).

       **7.**     **Defendant Norris**

Plaintiff identifies Defendant Norris as a Polunsky Unit Grievance Investigator III. Defendant Norris is therefore, similarly situated to Defendants Moye and Gajan as Plaintiff's claims against all three Defendants are identical. As outlined above, Plaintiff has failed to allege a violation of his constitutional rights against Defendants Moye and Gajan. The Fifth Circuit has recognized that, when one defending party establishes that the plaintiff has no cause of action, this defense generally inures also to the benefit of other similarly situated defendants. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (holding that where "a defending party establishes that plaintiff has no cause of action . . . this defense generally inures also to the benefit of a defaulting defendant."). "The policy rationale for this rule is that it would be 'incongruous' and 'unfair' to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants." *Baggiolini v. Ocwen Fin. Corp.*, No. 4:19-CV-00156-ALM-CAN, 2019 WL 8331423, at *8 (E.D. Tex. Dec. 12, 2019), *report and recommendation adopted*, No. 4:19-CV-156, 2020 WL 813044 (E.D. Tex. Feb. 19, 2020). Thus, even were Plaintiff to have effectively served Norris, the same defenses as asserted by the moving Defendants would inure to her. *See McCarty v. Zapata Cnty.*, 243 F. App'x 792, 794-95 (5th Cir. 2007); *Crop Prod. Servs., Inc. v. Keeley*, No. 4:14-CV-559, 2016 WL 2758439, at *5 (E.D. Tex. May 12, 2016), *aff'd sub nom*. Matter of Grabanski, 691 F. App'x 159 (5th Cir. 2017); *Newton v. Joseph*, No. 1:13-CV-510, 2015 WL 1321491, at *4 (E.D. Tex. Mar. 23, 2015); *Salter v. United States*, 2010 WL 796588 (E.D. Tex. Mar. 8, 2010). Based on the foregoing, Plaintiff's claims against Norris should be dismissed for failure to state a claim and as frivolous.

<u>Recommendation</u>

This civil rights action filed pursuant to 42 U.S.C. § 1983 against all the Defendants should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim and as frivolous under Federal Rule of Civil Procedure 12(b)(6).

<u>Objections</u>

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 29th day of January, 2024.

_____
Zack Hawthorn
United States Magistrate Judge